Pardee *v.* Lindley.

# Theron Pardee

*v.*

# Wilson Lindley.

1. EVIDENCE—*certified copy of deed.* A certified copy from the record, of a deed, is admissible in evidence, upon the affidavit of the proper person, that the last he knew of the original deed, it was in his possession, but is lost ; that he had made diligent search therefor, in the place where it ought to have been, and in places where it was probable it might have been, in good faith, with a view of finding it, but was unable to find or produce it.

2. SECONDARY EVIDENCE—*preliminary proof—by whom made.* Where the deed, of which a copy is sought to be given in evidence, was made to an antecedent grantee, the preliminary proof of the loss of the original deed may be made by such grantee, although he be not a party to the suit, or his agent or attorney.

3. ASSIGNMENT—*note and mortgage.* The assignment of a note secured by a mortgage, carries the security with it.

4. ASSIGNMENT—*power of sale in mortgage.* And where the mortgage gives to the mortgagee or his assigns, power to sell, upon default in payment, an assignment of the note secured by the mortgage, will vest the power of sale in the assignee ; such power thereby passes from the mortgagee, and can no longer be executed by him.

5. POWERS—*irrevocable.* The power of sale in such case, is coupled with an interest, and is irrevocable.

6. ASSIGNMENT *of note in the hands of payee.* Although the payee of a note may have written an assignment upon the back of it, yet if it remains in his possession, he will be deemed not to have parted with his interest in the note ; no such indorsement would conclude him as to the fact of an assignment.

7. Whatever writing the payee of a note may have put upon it, he may, while it remains in his hands, erase, or otherwise render inoperative.

8. EVIDENCE *in ejectment.* Where the plaintiff in ejectment claims under a deed executed in pursuance of a sale made by a mortgagee under a power of sale contained in the mortgage, it is not necessary to give in evidence the note which was secured by the mortgage.

9. HOMESTEAD—*against what sales protected.* Under the original act of 1851, relating to homestead exemption, the homestead was protected only against a levy and forced sale, under the process or order of a court of law or equity, where it had not been properly released.

10. But under the amendatory act of 1857, it is protected against all sales, whether compulsory or voluntary ; and against all modes of conveyance, whether by deed absolute, or a mortgage, unless it shall be released in the mode prescribed in the act.

Pardee *v.* Lindley.

11. The homestead is a right cast upon the wife for her benefit, and that of her children, of which she, and they, cannot be deprived, in any other way than that prescribed in the act itself.

12. Nor does the law require her or her husband to do any act to secure this right. They are both passive, whilst the law silently but effectually throws around them its protection. As long as the premises are occupied as a homestead, a deed executed by the husband without the release in the statutory mode, of the husband and his wife, can have no effect to deprive them of the homestead.

13. HOMESTEAD — *when a defense.* In any action by which it is sought to deprive them of this right, or to eject them from the premises to which the right attaches, it can be interposed as a defense.

14. EJECTMENT — *recovery of part.* Where the homestead right is set up as a defense in ejectment, and there is a part of the premises sought to be recovered to which the right does not attach, such part may be recovered in the same action.

15. EVIDENCE — *ejectment — value of homestead.* Where it is set up as a defense, in ejectment, that the defendant holds a right of homestead in the premises, the value of the premises is immaterial.

16. ALTERATION OF DEED. In copying a deed of trust executed by Wilson Lindley, into a deed which was executed by the trustee in pursuance of a sale of the premises made by him under the deed of trust, it appeared that *James* Lindley had been written in that part of the deed of trust so copied, which granted the power of sale, but the name *James* had been erased, and *Wilson* inserted, in a different handwriting from the rest of the deed ; but the alteration did not vitiate the deed ; writing the name *James* was deemed only a clerical error in copying ; and moreover, the whole deed showed *Wilson* to be the granting party.

WRIT OF ERROR to the Circuit Court of the county of McLean ; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of ejectment instituted in the Circuit Court, by Theron Pardee against Wilson Lindley, to recover the possession of certain premises situate in the county of McLean.

The plea of the general issue being interposed, the cause proceeded to trial.

The plaintiff, having proven that the defendant was in possession of the land described in the declaration, at the time of the commencement of the suit, offered in evidence a certified

copy from the record, of a deed of trust from Lindley, the defendant, to Asahel Gridley; and as a foundation for the introduction of such secondary evidence, the plaintiff presented an affidavit of said Gridley as follows:

"STATE OF ILLINOIS,  } ss.   *Circuit Court.   December Term,* 1862.
 COUNTY OF MCLEAN.    }

"Asahel Gridley, being duly sworn, deposes and says, that he was the owner and holder of a certain deed of trust, made on the first day of April, 1858, by Wilson Lindley, of McLean county, Illinois, to this affiant, as trustee, and in trust for certain purposes therein expressed, wherein the said Lindley conveyed to this affiant, the following real estate, to wit:" (setting out the lands as in the copy offered in evidence); "that said deed of trust was in the possession of this affiant on or about the 20th day of November, A. D. 1861, and about the time this affiant advertised said land under said trust deed; that since that time he has lost or mislaid said trust deed, or the same has been abstracted; that since the loss of said deed, this affiant has carefully and diligently searched all places where he keeps his papers of that kind; that he has carefully searched all places in his dwelling-house, in his private apartments in the bank, and the entire vault, and all other places in the bank where he kept, or where any person or persons kept papers of any description; that the last he knew of said deed, it was in the possession of this affiant.

"This affiant further swears, that he has made careful and diligent personal search in all places where he, or any person connected with him doing business, keep or have kept their papers since the disappearance of said deed, so that for these reasons this affiant says he has lost the said deed, and that the said deed cannot now be produced, nor is it in the power of this affiant to produce this said deed.

"Signed," etc.

The defendant objected to the reading in evidence the certified copy of the deed of trust upon the ground,

1. That there was no sufficient excuse shown for the non-production of the original deed; and

2. That the deed did not purport to convey the lands of the defendant; which objections were overruled and the copy

of the deed was allowed to be read in evidence ; to which the defendant excepted.

The copy thus read in evidence, was of a deed of trust from Wilson Lindley to Asahel Gridley, by which was conveyed certain lands, and among others, those described in the plaintiff's declaration.

The deed was dated on the first day of April, 1858, and recited that it was made to secure the payment of a promissory note of that date, executed by Lindley and payable to Gridley, for the sum of forty-two hundred and fifty-four dollars and seventy-five cents, due and payable one year thereafter ; and authorized Gridley, the trustee, to make sale of the premises in the mode and upon the conditions therein prescribed.

The plaintiff, against the objection of the defendants, was allowed to introduce in evidence the note to secure which the deed of trust was executed. It was proven that certain credits on the note were made to account for and appropriate the proceeds of sales of land under the trust deed, made by Lindley to Gridley, and to show that the note was then unpaid. Upon the back of this note was the following indorsement: "Pay A. Gridley & Co. A. GRIDLEY."

A notice of the sale made by Gridley under the deed of trust was introduced, and it was proven that such notice had been published in accordance with the requirements in the deed.

The deed from Gridley, as trustee, to David J. Perry, for the land in controversy, was offered in evidence by the plaintiff, and objected to by the defendant.

This deed recited the deed of trust from Lindley to Gridley, and was objected to upon the grounds, *first*, that it appeared to be altered in a different handwriting, by erasing the name James, and inserting Wilson in that part of the deed of trust recited therein, which gives the power of sale; *second*, because the deed does not recite the advertisement of the sale made under the deed of trust, but only refers to a newspaper advertisement pasted on a blank space in the deed; *third*, that the deed did not show upon its face that it was made in

pursuance of the powers contained in the trust deed; and *fourth*, that it appeared from the note that it had been assigned before the sale, and therefore Gridley had no power to make the sale.

The Circuit Court overruled all these objections, and allowed the deed to be read in evidence; and exception was taken.

The introduction of a deed of conveyance of the same lands, from Perry to Theron Pardee, closed the evidence in chief on the part of the plaintiff.

The defendant then proved that he was the head of a family, and resided with the same, upon the lands in the declaration described, and had so resided on said land as a homestead for twenty-five years. To this evidence the plaintiff objected, upon the ground that it was irrelevant to the issue; but the court overruled the objection, and the plaintiff excepted.

The defendant here closed his evidence.

The plaintiff thereupon proved that said lands were worth more than one thousand dollars, and that they could be divided without injury to the estate, and claimed that the jury should set off to the defendant the dwelling-house and lands, supposed to make, in value, one thousand dollars, and that they should find the defendant guilty as to the residue of the lands.

The court overruling the defendant's objection to this evidence, an exception was taken.

The defendant then offered to prove an outstanding title in one Hair, to a certain portion of the land in controversy, with the view of asking the court to instruct the jury, that if they believed, from the evidence, that the defendant did not own that portion of the land at the time the deed of trust was executed to Gridley, it could not be set aside to the defendant as any part of his homestead; to which the plaintiff objected. The court sustained the objection, and refused to admit this evidence; to which ruling the defendant excepted.

The case was submitted to the jury, who returned a verdict, finding the defendant guilty of unlawfully withholding from

the plaintiff the possession of a certain part of the premises which were not of the homestead, and not guilty as to the residue.

The plaintiff entered his motion for a new trial, but not under the statute; the court overruled the motion, and rendered a judgment in accordance with the verdict of the jury. The plaintiff excepted to the ruling of the court, and thereupon sued out this writ of error.

Both parties assigned errors upon the record.

The plaintiff insists that the court below erred,

1. In allowing the defendant to prove that he was the head of a family, and lived with them on the land.

2. In allowing defendant to claim and prove his homestead right against the plaintiff.

3. In allowing the defendant, out of the land described, his homestead of the value of one thousand dollars.

4. In not setting aside the verdict, and not allowing plaintiff a new trial.

The defendant assigns the following:

1. Admitting the copy of the trust deed to be read to the jury.

2. Admitting the note to be read to the jury.

3. Admitting the deed from Gridley to Perry to be read to the jury.

4. Admitting evidence of the value of the land.

5. Refusing to allow the defendant to prove that a part of the land was not his; that there was a superior outstanding title to the same.

Mr. C. H. MOORE, for the plaintiff in error, contended that the defendant could not claim his statutory right of homestead against his own deed to Gridley.

The act of February 11, 1851, protected the homestead of the debtor, of the value of one thousand dollars, from a forced sale under execution or decree, unless he should release the right in the mode pointed out in that act.

The amendatory act of February 17, 1857, simply required that the wife should join the husband in the release, to make

it operative; and the law, as thus amended, still applies only to the same character of sales as those mentioned in the act of 1851, and can have no reference to sales made by the party himself.

The title of the act of 1857, shows that the legislature only intended to *amend* the act of 1851. They voted upon the title, as well as the act itself. 9 Peters R. 301.

The original act having reference only to forced sales, the amendatory act could not operate to change its effect by a simple declaration that the legislative intention was different from that expressed in the act amended.

Mr. R. E. WILLIAMS, for the defendant in error.

The deed of trust from Lindley to Gridley was executed since the act of 1857; the grantor's wife did not join in the deed.

No alienation can be made of the homestead, without the joinder and acknowledgment of the wife.

The amendatory act expressly declares its object to be " to require, in all cases, the signature and acknowledgment of the wife, as conditions to the alienation of the homestead."

Upon the cross errors assigned, the counsel contended that no sufficient foundation was laid for the admission in evidence of the certified copy of the trust deed from Lindley to Gridley.

1. Gridley, who made the affidavit, was neither the agent nor attorney of the plaintiff, nor a party to the suit. Acts of 1857, p. 174.

2. The preliminary proof did not comply with the common law, as the existence or genuineness of the original deed was not shown. *Mariner* v. *Sanders*, 5 Gilm. 113; *Rankin* v. *Crow*, 19 Ill. 626; *Dickinson* v. *Breeden*, 25 Ill. 186.

The deed of trust did not purport to convey the lands of *Wilson* Lindley, but of *James* Lindley. It authorized the mortgagee to convey the lands of *James* Lindley; and even if the deed be held to have conveyed the interest of *Wilson*, so that it might be foreclosed in equity, yet this power of sale in

Gridley must be strictly construed under it. Gridley could not convey the estate of *Wilson* Lindley. 4 Kent Com. 329, 330, 331.

The deed from Gridley to Perry was improperly admitted in evidence.

1. The deed did not show upon its face that it was made in execution of the power granted in the deed of trust; the power granted, was to convey the interest of *James* Lindley; the deed to Perry purports to convey the estate of *Wilson* Lindley. As it did not follow the power, it was void. 4 Kent Com., *supra.*

2. The deed from Gridley to Perry recites a deed of trust from Wilson Lindley to Gridley, materially varying from that given in evidence, in this, that the deed of trust recited in the deed to Perry, purports to grant power to sell and convey the lands of Wilson Lindley, while the deed of trust in evidence grants the power to sell and convey the lands of *James* Lindley. 4 Kent, *supra.*

The note, to secure which the deed of trust was given, was assigned by Gridley, the payee, to A. Gridley & Co., before the sale by Gridley, under which Perry purchased.

The power of sale was to the mortgagee, or his *assigns.* The power was irrevocable, and passed to the assignees of the debt. Gridley, then, having transferred the power, his attempted sale was void, and passed no title. 4 Kent's Com. 146, 147, 327; 2 Cowan, 195; 21 Ill. 148; 1 Caines' Cases in Error, 1.

The alteration of the deed from Gridley to Perry was material; the deed should not have been admitted in evidence without proof that such alteration was made before the delivery of the deed. 1 Gilm. 489; 5 Gilm. 252; 20 Ill. 441; 23 Ill. 556; 27 Ill. 29; Greenlf. Ev. 599; 5 Bing. 183. All the prerequisites to the exercise of the power of sale by Gridley, should be shown, by the deed itself, to have been complied with, and not by a separate paper.

This deed did not recite any advertisement of the sale, except by reference to a printed slip attached; it was therefore void. 4 Kent's Com. 329, 330.

It is contended that the Circuit Court should not have allowed proof of the value of the land claimed as a homestead.

While the mortgage might be good as to other lands thereby conveyed, yet as to those included in the homestead, it was void, as it was made after the act of 1857, and the wife did not join. Here, the plaintiff was allowed to prove the value of the homestead at the time of trial, and it was shown to be of value, at that time, exceeding one thousand dollars, but this would not help the mortgage, if it were void at the time of its execution, by reason of the homestead being then worth less than one thousand dollars. If the deed was void in the beginning, it could not be made good by the subsequent appreciation in value of the land.

But if the mortgage were not void of itself, the attempt by Gridley to sell the whole tract, entirely disregarding the right of homestead, so far exceeded the power given by the mortgage, that the entire sale, as to this tract, would be avoided. The original act of 1851, points out the mode in which the homestead may be set apart, or sold, and that mode should have been observed.

Again, the court below should have allowed Lindley to prove that a part of the land sought to be recovered, did not belong to him, so that such part could not be set out as a portion of the homestead.

The defendant in error desired a reversal of the judgment below, not upon the errors assigned by the plaintiff, but for the causes asigned by himself.

Mr. Moore, for the plaintiff in error, in reply to the points made by the defendant.

1. Loss of deed of trust was clearly proved by affidavit of Gridley. Gridley was the custodian and agent, to hold the trust deed.

2. Note and indorsement were offered, to show that the trustee had properly applied the purchase money, and to show that the note was unpaid. Not necessary, but could do no harm. Gridley's name on the back was a nullity, so long as he retained the note.

3. "James" was erased and "Wilson" inserted, before the deed was acknowledged or delivered. "Wilson" was the correct name; other parts of the deed show it. It was Gridley's right and duty to correct this. The word "James," if it is in copy of the original deed of trust, is simply a mistake. The name "Wilson" is in all parts of the deed but one; and then he signs and acknowledges it. By reading the whole deed, the court can have no doubt about who made the deed, and whose land was to be sold.

4. Value of the land ought not to have been given, because the defendant could not claim his homestead against his own deed. 4 Gilman, 348, and cases cited there.

5. Outstanding title could not avail Lindley; he had been in possession of all the land over twenty years, made his trust deed, with covenants of warranty; as against his possession, his deed must prevail. Tillinghast's Adams on Ejectment, 22; Halst. Rep. 102.

Mr. Justice Breese delivered the opinion of the Court.

This was an action of ejectment, brought in the McLean Circuit Court, for the recovery of the west half of the south-east quarter of the south-east quarter of section twenty-nine, and the west half of the east half of the north-east quarter and the west half of the north-east quarter of section thirty-two, in township twenty-three north, in range two east, all lying in that county.

On not guilty pleaded, the jury found a verdict for the plaintiff, in due form, that the defendant was guilty of withholding the possession of the west half of the west half of the north-east quarter of section thirty-two, for which judgment was entered; and as to the residue, not guilty.

A motion was made by the plaintiff for a new trial, not under the statute, which was overruled, and the case brought here by writ of error.

Both parties assign errors on the record. The plaintiff assigns for error:

1. In allowing defendant to prove that he was the head of a family, and lived with them on the land.

2. In allowing defendant to claim and prove his homestead rights against plaintiff.

3. In allowing defendant, out of land described, his homestead of the value of one thousand dollars.

4. In not setting aside verdict, and not allowing plaintiff a new trial.

The defendant assigns the following:

1. Admitting a copy of trust deed to be read to the jury.

2. Admitting the note to be read to the jury.

3. Admitting the deed from Gridley to Perry to be read to the jury.

4. Admitting evidence of the value of the land.

5. Refusing to let defendant prove that a part of the land was not his; that there was a superior outstanding title to the same.

Disposing of the errors assigned by the defendant, we will proceed to consider those assigned by the plaintiff, as upon them the controversy, for the most part, hinges.

As to the defendant's first error assigned, we see no force in it. The witness, A. Gridley, was the grantee under the deed, and therefore the custodian of it. His testimony is full to the point, that he made diligent search for the deed in the place where it ought to have been, and in places where it was probable it might have been, in good faith, with a view to finding it, bringing the case within the rule established in *Mariner* v. *Sanders,* 5 Gilm. 113; *Rankin* v. *Crow,* 19 Ill. 626, and *Dickinson* v. *Breeden,* 25 Ill. 186. As to the supposed alteration of the deed by changing James to Wilson, it must be regarded, as a copy only was in evidence, as an error of the clerk in making the copy. The whole deed shows that Wilson Lindley was the granting party. *Hibbard* v. *McKindley,* 28 Ill. 240.

The second error assigned is not relied on. The third questions the validity of the sale by Gridley as trustee, on the ground that it was made by him after he had assigned the ote to other parties.

It is a well-settled principle, that the assignment of a note secured by mortgage, carries the security with it. As in this

case, the security contained a power to the morgagee, or his assigns, to sell ; and the assignment of the note would have transferred this power also. It is a power appendant to the estate and coupled with an interest. It is irrevocable, and is deemed part of the mortgage security, and vests in any person who becomes, by assignment or otherwise, entitled to the money thus secured to be paid. 4 Kent's Com. 146. This able commentator further says, if the power be given to the donee and his assigns, it will pass by assignment, if the power be annexed to an interest in the donee. Id. 327. *Wilson* v. *Troup,* 2 Cowen, 197; *Sargeant* v. *Howe,* 21 Ill. 148 ; *Vansant* v. *Allmon,* 23 Ill. 30, and cases there cited.

It follows from these principles, that, had Gridley actually assigned the note to another party, this power to sell would have passed from him, and consequently, after the assignment, could not be executed by him. The power would vest absolutely in his assignee, to be executed by him. But is there any evidence of such assignment? It is true, the record shows that the plaintiff offered the note executed by Lindley to Gridley, in evidence, on which appears this writing, " Pay A. Gridley & Co.—A. Gridley ;" which, the defendant insists, is an assignment of the note to A. Gridley & Co. It does not appear, that the note was ever delivered to A. Gridley & Co. ; and if not delivered, but remained in the possession of the original payee, he could erase the assignment at any time, and cannot be considered as having parted with his interest in the note. The whole proceeding shows he had not, in fact, assigned the note, or parted with his possession or property in it. Not having done so, the note remained his property, with the power to collect it, as provided in the mortgage. There has been no assignment of the note, and therefore, none of the power to sell ; but that power has been properly executed by the mortgagee. The object in introducing the note could only have been to show a balance due when the sale was made, and that former credits had been properly applied. The case did not call for the production of the note, and it was not necessarily in the case. Remaining in the hands and possession of the payee and mortgagee, whatever writing he may

have put upon it was in his power to erase or otherwise render inoperative. It did not, of itself, conclude him as to the fact of an assignment.

The fourth point made on the third, error assigned, is disposed of by the considerations we have already stated, that there is no evidence of any alteration in the deed. It is simply a clerical error, in writing in one part of the deed the name James Lindley, instead of Wilson Lindley, the true name of the grantor, as all other parts of the deed most plainly show. As to the other point, the deed to Perry does recite an advertisement of the sale, and a sale in conformity to the advertisement, and the advertisement was proved by the testimony of the printer.

Upon the fourth error assigned, it is contended, that the value of the land was not in controversy, and therefore no proof of its value should have been allowed. That the premises, though made up of several distinct tracts of land, were but one entire tract, for the purposes of a homestead, and which could not be sold or mortgaged, or otherwise conveyed by deed, without the assent of the wife, expressed in the mode prescribed by the statute.

The consideration of this point involves the errors assigned by the plaintiff. The real controversy is, were the premises a homestead, and if so, did the purchaser under the mortgage sale acquire a right to eject the mortgagor and his family, the mortgage having been executed subsequent to the act of 1857, and the wife not having joined in the deed and released the benefits of the homestead act, in the mode pointed out in that act?

Although by the words of the original act the homestead is protected only against a levy and forced sale under the process or order of any court of law or equity, unless it has been duly released, yet when we consider the object and purposes of the amended act, we can have no doubt the intention of the legislature was, so to protect the homestead as to shield it from the claims of creditors, and from the improvidence of the husband, for the benefit of the wife and children. This is evident from the amendment of 1857, which requires the

Pardee *v*. Lindley.

wife's release of the benefits of the act, wherein it is emphatically declared that it is the object of the act to require in all cases her signature and acknowledgment as conditions to the alienation of the homestead. It is a right, cast upon her for her benefit and that of her children, of which she and they cannot be deprived in any other way than that prescribed in the act itself. A proceeding by ejectment, to be followed by a writ of possession, accomplishes what the act designs shall not be accomplished by a levy and forced sale; and the injury to her is equally as great, and the object of the act completely defeated. The separate property of the wife, which she may own in fee, cannot be taken from her without her free consent, to be manifested as the statute directs; nor can she be deprived of dower in her husband's estate, except by her own act. No judgment or decree of a court, no deed to which she is not a willing party, can deprive her of this right; and this right of homestead is equally inviolate, in spite of creditors or husband. Nor does the law require her or her husband to do any act to secure this right. They are both passive, whilst the law silently but effectually throws around them its protecting shield. It follows from this, that in any action seeking to deprive them of this right, the right can be interposed in defense. So long as the premises are occupied as a homestead, the deed, without the release of the husband, and wife, if he has one, can have no effect to deprive them of the homestead; and this right can be set up in any action brought to eject them from premises so circumstanced. *Patterson* v. *Kreig*, 29 Ill. 518.

It was then competent to show, in this action of ejectment, that the premises were the homestead and protected by the law; and that they exceeded in value one thousand dollars, was immaterial in this kind of action. In this case, it appears, the jury found a tract of twenty acres not parcel of the homestead, and for this the plaintiff has a verdict and judgment, and we see no cause to disturb either. The judgment must be affirmed.

*Judgment affirmed.*