SAMSON HUBBELL *et al.*

*v.*

WILLIAM A. CANADY.

58   425
39a  340
58   425
139  641
58   425
162  284
58   425
67a  564
58   425
170  398
58      425
109a  2  53

1. HOMESTEAD EXEMPTION. The homestead exemption provided for by our statute, takes in the entire lot upon which the debtor resides, whatever else may be there, and for whatever else used, if its value is less than $1000.

2. ESTOPPEL—*ordinary rules of—not applicable to homestead cases.* The law exempts the homestead, and the debtor is required to perform no act, to discharge no duty, nor even to manifest any intention to avail himself of its benefits. Hence the ordinary rules in regard to laches, in parties failing to make their defense at law, or to bring suit in a reasonable time, are not applicable, when homestead exemption claims are asserted.

3. HOMESTEAD—*can not be alienated by laches.* A husband can not effect an alienation of his family homestead by laches, and thus, by an indirect method, accomplish what he can not do directly. The right is conferred by statute, and can only be divested in the mode provided by the statute.

4. PRACTICE—*setting aside satisfaction obtained by a sale of homestead.* Where a judgment is satisfied by the sale of the homestead, and, by a bill for that purpose, the sheriff's deed is set aside, the court should, by the same decree, set aside the satisfaction of the judgment.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. R. N. BISHOP, for the plaintiffs in error.

Mr. E. S. TERRY, Mr. O. L. DAVIS, and Mr. J. B. MANN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed by the defendant in error on the 4th day of September, 1867, against the plaintiffs in error, to set aside a sale on execution against him of the west half of lot number 3 in an addition to the town of Ridge Farm, as being his homestead. On the 19th day of August, 1858, the execution was levied on the premises, which were sold to the plaintiffs in error, and the sheriff's deed made to them February 15th, 1860.

The whole lot 3 was 60 by 120 feet. The dwelling house of the debtor was mostly on the east half of the lot; about 4 feet of it, and 7 feet of the smoke house were on the west half, as also the garden, fruit trees and well. There was a store house 20 by 45 feet on the west half, which set back 6 or 8 feet from the end, which was in the occupancy of a tenant. The whole lot did not exceed in value $1000.

In July, 1867, the plaintiffs in error, in an action of forcible detainer against one Darnall, the tenant of Canady occupying the store house, recovered the possession of the store house, and Darnall has ever since held it as their tenant.

The points made by the plaintiffs in error are, that the store house was not part of the homestead ; that Canady is bound by the judgment recovered against his tenant, and that the delay in filing the bill shows such *laches* as will prevent the court from entertaining it.

*Reinbach* v. *Walter*, 27 Ill. 393, is cited in support of the position that this store house was not a part of the homestead. That was a case of two lots not exceeding, together, $1000 in value ; the homestead law was held not to apply, but the court said, if it did, they should be inclined to hold that the store and warehouse, and the grounds used for the business done in them, did not constitute a part of the homestead.

But here is only one lot of ground, 60 by 120 feet. The homestead exemption, as given by the statute, embraces " the

lot of ground and the buildings thereon, occupied as a resi-
dence, and owned by the debtor, being a householder, and
having a family, to the value of $1000."

The whole lot of ground is covered by the exemption, not
some part of it, and the lot included all the buildings upon it.

We are not to regard the intention of the legislature as being
only to save a mere shelter for the debtor and his family, but
that it was the purpose to give him the full enjoyment of the
whole lot of ground exempted, to be used in whatever way he
might think best for the occupancy and support of his family,
whether in the way of cultivating it, or by the erection and use
of buildings upon it, either for the carrying on of his own
business, or for deriving income in the way of rent.

We can not accede to that narrow construction of the stat-
ute which would take away this store house, as not being a part
of the homestead.

As to the effect of the recovery of possession of the store
house by judgment against Darnall, whether the rule laid
down in *Oetgen* v. *Ross et al.* 47 Ill. 142, that judgment against
the tenant concludes the landlord, if he had notice of the pend-
ency of the suit, holds only in actions of ejectment, and does
not prevail in actions of forcible entry and detainer, we shall
not stop to consider, as the ordinary rules in regard to *laches*
in parties failing to make their defenses at law, or to bring
suit in reasonable time, are not applicable to homestead
exemption cases. This court has held that, after a decree of
foreclosure, a sale under the decree and conveyance, the mort-
gagors may, by original bill or otherwise, assert their right of
homestead, and have the sale set aside. *Mooers et ux.* v. *Dixon,*
35 Ill. 208; id. 256; *Moore et ux.* v. *Titman,* 33 Ill. 358.

The law exempts the homestead. The debtor is required to
perform no act, to discharge no duty, or even manifest any
intention to avail himself of its benefits. *Green* v. *Marks et al.*
25 Ill. 221; *Pardee* v. *Lindley,* 31 Ill. 174.

But the husband is not the person alone interested in the
homestead right. As was said in the case last cited, it is a

right cast upon the wife for her benefit and that of her children, of which she and they can not be deprived in any other way than that prescribed by the act itself.

If the homestead right were to be lost by any *laches* of the husband, such as is set up in this case, in suffering judgment to go against a tenant, or delay in bringing suit to assert the right, then the husband could, indirectly, by such act of omission, effect the alienation of the homestead, when the statute has prescribed that it can only be done by the release of the wife.

The right can not be lost by such *laches* of the husband— that can not be imputed to the wife or children.

This right of homestead is conferred by statute, and can be divested only in the mode provided by the statute. Through a debt incurred for the purchase or improvement of the homestead, or the non-payment of taxes or assessments, or by a removal from and its abandonment as a homestead, the wife's right to interpose her claim may be barred; but the husband has no power in any other mode to affect the wife's right. *Booker* v. *Anderson*, 35 Ill. 66; *Hoskins* v. *Litchfield et ux.* 31 Ill. 137; *Pardee* v. *Lindley, supra.*

We think the court did right in setting aside the sale, but it should have gone further, and set aside the satisfaction of the judgment, so far as it was satisfied by the sale, and awarded a new execution, as the equitable terms of relief, and this without a cross bill. The thing received in satisfaction of the judgment should not have been taken away from the defendants without vacating the satisfaction.

For error in this respect, the cause is remanded for further proceedings, and the court below will modify its decree in conformity hereto. The costs here will be equally divided between the parties.

*Decree modified.*