## LOUIS WARNECKE *et al.*

*v.*

## JOHANN LEMBCA.

</div>

1. TRUST DEED—*whether administrator may sell.* Where a deed of trust provides that, in default of payment of the notes secured, or of the interest, on the application of the holder, the trustee, "or his legal representative," shall advertise, sell and convey the premises as the attorney of the grantor, the administrator of the trustee will not be authorized to make the sale and conveyance so as to bar the equity of redemption.

2. LEGAL REPRESENTATIVE—*defined.* The legal representative or personal representative, in the commonly accepted sense, means the administrator or executor, but this is not the only definition. It may mean heirs, next of kin or descendants, and sometimes assignee or grantee.

3. The sense in which the term is to be understood depends somewhat upon the intention of the parties using it, and it is to be gathered, not always from the instrument itself, but as well from the surrounding circumstances.

4. SAME—*meaning of, in trust deed.* Where a trust deed authorizes the trustee, or his legal representative, to execute the trust by sale, etc., it will be held to mean that the assignee or grantee of the trustee having the legal title that was in the trustee, shall execute the power, and not a mere stranger, having no legal title, such as the administrator of the trustee.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, by Johann Lembca against Louis Warnecke, Johanna Warnecke, his wife, Conrad Warnecke and Walburga Rauscher, to redeem certain real estate from a sale under a trust deed. The opinion of the court states the grounds upon which the relief was sought. The court below allowed the redemption.

Mr. R. H. FORRESTER, for the appellants.

Messrs. BARBER & LACKNER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to redeem the land in controversy from a sale made under a trust deed, for default in the payment of the indebtedness thereby secured. The trustee named in the deed, who was clothed with the power to make the sale, having died, the sale was made by Walburga Rauscher, his widow and the administratrix of his estate. It was provided in the trust deed, in default of the payment of the notes secured, or any part thereof, on application of the legal holder, "John Rauscher, or his legal representative," should advertise, sell and convey the land as the attorney of the grantor.

The only question presented material to the decision of the case is, whether the administratrix of the deceased trustee could rightfully make the sale.

The law is very jealous of this class of sales, and will permit no marked deviation from the authority giving the right. *Mason* v. *Ainsworth*, 58 Ill. 163.

The general rule is, the trustee must himself execute the power, and if, by reason of death or incapacity, he can not do it, relief can only be had on application to a court of chancery to appoint a trustee to execute the residue of the power.

It is claimed the "legal representative" of the trustee is designated, by the express terms of the deed, to make the sale on the application of the legal holder of the indebtedness. Who is the "legal representative," in the sense that term is used in the trust deed, is a question involving very grave difficulty. It is well known this term does not always have the same signification. Legal representative, or personal representative, in the commonly accepted sense, means administrator or executor. But this is not the only definition. It may mean heirs, next of kin or descendants. 2 Redfield on Wills, 78, 80, 81 ; *Delannay* v. *Burnett*, 4 Gill, 454 ; *Grand Gulf Railroad and Banking Co.* v. *Brayan*, 8 S. & M. 234.

The sense in which the term is to be understood depends

somewhat upon the intention of the parties using it, and is to be gathered, not always from the instrument itself, but as well from the attending circumstances. It will be observed these definitions of "legal representative" have reference exclusively to administration of estates, both testate and intestate, and the relation certain parties bear to deceased persons. It seems to us most illogical to say the term "legal representative," as used in the deed, comes within any of the definitions given. It will bear another construction, and one more in harmony with the intention of the parties using it. When found in instruments other than those relating to the administration of estates or the affairs of the deceased persons, it has been construed sometimes to mean assignees. or a certain class of purchasers, accordingly as it was supposed the parties must have understood it.

Nothing could be more absurd than to suppose the grantor, in this instance, intended to use it in the sense of heirs or next of kin. They might be so numerous, or there might be minors, lunatic, insane, or persons otherwise incapacitated to act, and it would be impracticable to have any execution of the power. Nor is it more reasonable to believe it was intended to use the term in the sense of administrator or executor. The administrator or executor is the legal representative of the decedent only as to the personal estate.

The legal title to the real estate covered by the trust deed was in the trustee. It did not descend to the administratrix, and how could she convey that which she did not have? She was in no way connected with the title that was in the trustee, but was a stranger to it. She could not convey in the name of the trustee, for he was dead; nor could she convey in the name of the grantor, or her own name, for no such power was given. Where the trustees have the legal title and power of sale, they alone are competent to contract and make a good title to the purchaser. Perry on Trusts, sec. 787.

In *Delannay* v. *Burnett, supra,* it was declared the purchaser of a pre-emption right is to be regarded as the "legal repre-

sentative" of the original claimant, under the act of Congress granting such rights.

In the *Grand Gulf Railroad and Banking Co.* v. *Brayan, supra*, the same point was ruled that, the term "legal representative," as used in the act of Congress of March, 1803, touching pre-emption claims under the act, does not mean children or heirs only, it embraces also assignees and grantees, who, in regard to the thing assigned or granted, are the legal representatives of the assignor or grantor. The reasoning of the court is cogent and unanswerable. Mr. Chief Justice SHARKEY, in delivering the opinion, said : "An assignee or grantee is a legal representative of the assignor or grantor in regard to the thing granted. If Congress had intended that heirs, only, should be entitled to represent the original settler, it is remarkable that the word 'heirs' was not used. Its meaning is well known ; it is the appropriate expression, when those on whom the law casts the estate are spoken of. And as Congress used a phrase more comprehensive, we must suppose other persons besides heirs were intended. General expressions in law must be construed to have a general application. unless there be a clear indication that they were intended to be used in a restricted sense. Representative is one who exercises power derived from another. The purchaser derives his power over the estate from his vendor."

Had it been the intention of the parties to this deed that the heirs or administrator should execute the power in the event of the death of the trustee, it is a singular omission that no appropriate words were used to indicate which class of representatives was meant. And as the parties have used a term susceptible of a different definition, we must believe persons other than heirs or administrators were intended, especially when the enlarged interpretation will effectuate the purpose the parties had in view, and a more restricted and technical one will defeat it.

It is agreeable to the analogies of the law that the assignee or grantee having the legal title that was in the trustee can

execute the power, but it involves an absurdity to say a mere stranger to the title can. This is the doctrine of the cases of *Pardee* v. *Lindley*, 31 Ill. 174, and *Strother* v. *Law*, 54 Ill. 413. The principle of those cases is, that, where the mortgagee or his assignee is empowered to sell on default being made, if the indebtedness thereby secured is assignable at common law, or by our statute, the assignee is the only party who can execute the power. It is for the reason the assignee is the legal holder of the indebtedness, and the assignment carried with it the mortgage as the mere incident.

In *Hamilton* v. *Lubukee*, 51 Ill. 415, and in *Mason* v. *Ainsworth, supra,* it was declared the equitable assignee of the indebtedness could not execute the power in his own name. He had neither the legal title to the estate mortgaged, nor the indebtedness. In the case we are considering the administratrix had neither. It follows, from the doctrine of those cases, that the party in whom is the legal title to the mortgaged property, or his assignee, or his grantee, is the only proper party to execute the power.

Here, the trustee was dead. There was no grantee or assignee, and hence no "legal representative," in the sense we suppose that term must have been used in the deed. Therefore, there was no one who could rightfully make the sale. A new trustee should have been appointed to execute the power, or the trust deed should have been foreclosed by bill in chancery as an ordinary mortgage.

The sale by the administratrix, being unauthorized by law, did not bar the equity of redemption.

The court properly held the premises subject to redemption, and its decree is affirmed.

*Decree affirmed.*

Mr. Chief Justice Breese: I do not concur in this opinion. The deed of trust expressly authorizing the legal representative to make the sale, it was properly made by the administratrix.

Mr. Justice Sheldon: I concur with Mr. Chief Justice Breese.