In the Matter of the Estate of CHARLES J. FOELS, Deceased.

Surrogate's Court, Erie County, December 12, 1932.

*Corden T. Hackett,* for the petitioner.

*John S. Allen,* special guardian.

HART, S. Charles J. Foels died leaving a last will and testament, providing as follows:

" *Second.* I give, devise and bequeath all my property and estate, both real and personal, wheresoever situated and of whatsoever it may consist, unto my wife, Mary Foels, she to have full power and authority to use the rents, income and profits therefrom and such portion of the principal thereof for her support and maintenance as may be necessary for and during the term of her natural life, and so long as she shall remain my widow and does not remarry. And I hereby give and grant unto my said wife, Mary Foels, full power and authority to sell and convey the whole or any part of my said property and estate upon such terms and conditions as she may deem advisable and use for her support and maintenance, such portion of the avails thereof during her natural life and so long as she remains my widow and does not remarry as may be neces-

sary. At the time of the death or remarriage of my said wife, Mary Foels, whatever remains of my said property and estate under her control or possession or of the avails of my property sold by her as above provided, I give, devise and bequeath unto my children, share and share alike, the representatives of any deceased child to take the share which the parent would have taken if living.

" The provision herein to my said wife, as aforesaid, is to be in lieu of all right of her dower in my estate."

The deceased left him surviving his widow, and as his only heirs at law and next of kin Mary K. Foels, widow, Henry Foels, Frank J. Foels, Charles Foels, Lillie D. Wendel, Anna Turner, Edward B. Foels and Raymond Foels, his children.

Mary K. Foels died leaving her surviving Henry Foels, Lillie D. Wendel, Anna Turner, Edward B. Foels and Raymond Foels, children, William Foels, Raymond Foels and Leonard Foels, grandsons. The last two named are the issue of an alleged common-law marriage between Frank J. Foels, a deceased son, and Helen Kaptur, and claim to be legitimate children, by virtue of this marital status.

The petitioners apply for the construction of the above provisions, the interpretation of the word " representatives " and the view of the court as to the right of inheritance of Raymond Foels and Leonard Foels, children of the alleged common-law marriage.

Evidently, the testator intended to give the income on the estate to his wife, and to guard against this not being sufficient for her support, he also granted her the power of disposition of the principal and the privilege of using as much of the avails as might become necessary. Naturally, the first concern of the husband was that his wife be amply provided for during her lifetime. Should anything be left over, it was to be distributed among the children, the representatives of any deceased child to take the share which the parent would have taken if living. By this clause a fee was not given to the wife, but a power of disposition during her lifetime. By this she was not granted the power to give the principal away or to dispose of the same by will. The will explicitly states the limits within which she could expend the principal, and whether she exceeded the bounds is a question not now before this court. (Real Prop. Law, §§ 149 and 153; *Matter of Briggs*, 101 Misc. 191; affd., 180 App. Div. 752; affd., 223 N. Y. 677; *Matter of Ithaca Trust Company*, 220 id. 437; *Matter of Cager*, 111 id. 343; *Swarthout* v. *Ranier*, 143 id. 499.)

The children of the testator were possessed of an expectant estate in remainder, and such part of the expectant remainder as was real property was and is not subject to the dower right of the wife or wives of any of the deceased children. (*Durando* v. *Durando*, 23 N. Y. 321.)

As to the word . " representatives " meaning the executor or

administrator of the deceased children, or meaning the children of the deceased children, as representing the share the deceased parent would have taken, it was stated in the case of *Griswold* v. *Sawyer* (125 N. Y. 411, at p. 413): " The sole matter for our determination is the meaning of the words ' legal representatives ' as used in the policy. It is undoubtedly true that the strict, technical, *prima facie* meaning of these words is administrators or executors, and that they must always have that meaning unless it can be seen that they were used in a different sense. That these words have sometimes been used in statutes and decisions in a different sense cannot be doubted. (2 R. S. 96, § 75; *Lee* v. *Dill*, 39 Barb. 516, 521; *Drake* v. *Pell*, 3 Edw. Ch. 266, 286; *Greenwood* v. *Holbrook*, 111 N. Y. 465; *In re Hall*, 2 Dem. 112; *Coster* v. *Butler*, 63 How. Pr. 311; 2 Redfield on Wills, 78; Woerner on Administration, 906; *Cox* v. *Curwen*, 118 Mass. 196; *Farnam* v. *Farnam*, 53 Conn. 262; *Davis* v. *Davis*, 55 id. 319; *Halsey* v. *Paterson*, 37 N. J. Eq. 445; *Warnecke* v. *Lembca*, 71 Ill. 91; *Loos* v. *John Hancock Mutual Life Ins. Co.*, 41 Mo. 538.)   In *Warnecke* v. *Lembca* it was held that the phrase ' legal representatives,' in the commonly accepted sense, means the administrators or executors, but that this is not the only definition; that it may mean heirs, next of kin or descendants, and sometimes assignee or grantee; that the sense in which the term is to be understood depends somewhat upon the intention of the parties using it, and it is to be gathered not always from the instrument itself, but as well from the surrounding circumstances."   (See, also, *Greenwood* v. *Holbrook*, 111 N. Y. 465.)

It is reasonable to presume that the average layman in making a will is more apt to think of the representatives of one of his deceased children as the children of his child than as the executor or administrator of the deceased child's estate.

It is more likely that Charles Foels fully intended that the children of any deceased child should take the share of the deceased parent, particularly when his child and grandchild are so closely related to him, and the natural objects of his bounty.

In the case of *Davidson* v. *Jones* (112 App. Div. 254) the deceased left a last will and testament by which he devised all of his property to his wife " for her sole and separate use for and during the term of her natural life, and on her decease to my children or to their legal representatives." The court said (at p. 257): " While technically, the words, ' legal representatives ' mean administrators or executors, they may refer to heirs or next of kin.   *   *   * He is one also who takes by representation and in wills and settlements the term representatives *and legal representation* are frequently held to mean heirs and next of kin and not executors and administrators.   (*Lee* v. *Dill*, 39 Barb. 521, and cases cited.)   It is

manifest that, as used by the testator, the words refer to the heirs of his deceased children." (See, also, *Howell* v. *Gifford*, 64 N. J. Eq. 180.)

It is my opinion that the word " representatives," as set forth in the will of Charles F. Foels, means the children of any deceased child, and not the executor or administrator of the estate of such deceased child.

The children of Frank J. Foels and Helen Kaptur, if the issue of a common-law marriage, are entitled to the share of the estate their father would have taken had he lived. (*Ellis* v. *Kelsey*, 118 Misc. 763; *Matter of Grande*, 80 id. 450.)

The question of the common-law marriage, however, is not before this court in this proceeding.

Let a decree enter accordingly.