## COLLINS v. HOPKINS, Adm'r.

Where a trust deed, or a mortgage, executed to secure the payment of a sum of money, confers upon the grantee, his administrator, and assigns, the power to sell the premises, upon the non-payment of the debt, the power is irrevocable, and does not cease with the death of the grantee.

Upon the death of the grantee, his administrator is authorized to carry the contract into effect, on the default of the grantor.

*Appeal from the Dubuque District Court.*

MONDAY, APRIL 4.

This case is essentially like that of *Fanning* v. *Kerr*, *ante*, 450. In this, the note and security were given for the sum of five thousand four hundred and forty dollars, and for the loan, as is alleged, of four thousand dollars, in one year from the date. The petitioner prays that the illegal interest may be abated, and the legal interest be ordered to be paid to the school fund. He also prays a perpetual injunction against selling, unless upon a foreclosure in an action in the proper court.

In the instrument, the power of sale is given to the said Hopkins, his administrator and assigns. It appears that Hopkins died during the proceeding, and his administrator, Gustavus Hopkins, was made a party, and admitted to defend. He admits the usury, as stated in the bill, and avers his willingness that the whole of the interest be abated, and that he will receive the four thousand dollars in full satisfaction of the indebtedness. He prays the court to dissolve the injunction, or to modify it, so as to permit him to sell so much of the real estate as may be necessary to pay the four thousand dollars aforesaid. The other facts appear in the opinion.

*John L. Harvey*, for the appellant.

*Wilson, Utley & Dowd*, for the appellee.

WOODWARD, J.—For the principal questions in the case, reference is made to the case of *Fanning* v. *Kerr*, *ante*, 450. In this, it is objected that the administrator cannot make the sale. It is not stated explicitly when Hopkins, the principal, deceased, but it is inferred that this took place before the advertisement of sale, for the administrator answers that he made the advertisement; and yet the action is against Hopkins himself, and the administrator is afterward substituted. But however this may be, no valid objection exists on this account. This being a power coupled with an interest, the administrator is authorized to carry it into effect. The power is irrevocable, and does not cease with the death. 1 Hilliard on Mort., ch. 7, 128; *Bergen* v. *Bennett*, 1 Caines, Cas.; 1 Adams Eq., 121; *Doolittle* v. *Lewis*, 7 Johns., ch. 48. The instrument in this case expressly provides that Hopkins, his administrator, or assigns, may, without suit, or foreclosure, in the district, or other court, proceed to sell.

The case, and the subject matter of it, are neither of them in a position to call upon the court for a disposition

of any question touching the interest. Nor do the counsel, in their arguments, seem to regard it as in a condition for adjudication. The decree of the district court is re·versed, and the injunction is dissolved.