RICHARD MERRIN

*v.*

WILLIAM E. LEWIS.

1. AGENCY—*proof of agent's authority.* A paper purporting to be an authority from a plaintiff to an attorney to make demand for the possession of land and bring an action of forcible detainer, the attorney testifying to having prepared the writing and the sending of the same by mail to the plaintiff and his receiving it back signed, will be sufficient proof of the attorney's authority to make a demand in writing, in his client's name, of land, before bringing suit for its possession.

2. FORCIBLE DETAINER—*proof of possession.* Proof unobjected to, by a witness, that a defendant in a suit of forcible detainer was managing the land formerly owned by his son, and had possession, as the witness understood, since the son had left the State, is sufficient to authorize suit against the defendant, when wholly uncontradicted.

3. Where the evidence showed that a party, after giving a mortgage on his land, left the State, leaving the premises in the possession and control of his father, it was *held*, in forcible detainer against the father by a purchaser, under a power of sale in the mortgage, that the defendant could not, after having taken possession under his son, attorn to a third person and give him possession, so as to avail against the right of the purchaser under the mortgage.

4. POWER OF SALE—*who may execute on death of mortgagee.* Where a mortgage on land confers a power of sale upon the mortgagee, his legal representatives or attorney, on default of payment, and the mortgagee dies, so that the indebtedness secured passes to his administrator, the latter may properly exercise the power as the legal representative of the mortgagee.

5. FORMER ADJUDICATION—*as a bar to suit.* The record of a former judgment in a suit of forcible detainer, showing that the plaintiff had not made out his case, though for the same land, is not sufficient to bar a second suit, without extrinsic proof showing that the cause of action was the same in the prior as in the last suit. Where the only demand of possession shown appears to have been made after the determination of the first suit, the judgment for the defendant therein can not be held a bar to the second action brought after such demand.

90   505,
125   893
90   505,
37a   51
90   505
148   393
90   505
50a   506,

APPEAL from the Circuit Court of Grundy county; the Hon. J. McROBERTS, Judge, presiding.

Mr. W. T. HOPKINS, for the appellant.

Messrs. HILL & DIBBELL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment for the plaintiff in a suit of forcible detainer, by William E. Lewis against Richard Merrin, to recover possession of a certain quarter section of land. Richard Merrin, and Andrew J. Merrin, his son, had each, on May 25, 1869, executed to David Mathews separate mortgages of the two eighties of the quarter section, to secure the payment of the purchase money therefor, promissory notes to David Mathews being given by each purchaser for the purchase money of his own eighty. Default having been made in the payment of the notes, the mortgages were foreclosed by a sale of the mortgaged premises in pursuance of a power of sale given by the mortgages, William E. Lewis becoming the purchaser, to whom deeds were accordingly executed, and he afterwards brought this suit for possession.

There are various assignments of error.

The demand in writing for possession was signed Wm. E. Lewis, by his attorney, J. M. Reading, and it is objected there was no sufficient proof of Reading's authority thus to demand possession. He was an attorney at law, and employed by Lewis to obtain possession of the premises. There was in evidence an express authority in writing to Reading to demand possession and prosecute the suit, purporting to be signed by Lewis, and Reading testified that he wrote the paper all but the signature, sent it by letter to Lewis in the State of New York, and received it back from him signed. The proof of authority was sufficient.

It is next objected that the proof fails to show that the appellant, Richard Merrin, was in possession of the east eighty of the quarter section, the one which was conveyed to and

mortgaged by Andrew J. Merrin. The witness Reading testified, that Richard Merrin was in possession of the land at the time the demand for possession was made, the day before the suit was commenced; that he had possession of the entire quarter section, as he understood it; that he was working it; that he had understood that Andrew J. had resided in the State of Iowa for the past few years; that he understood Richard Merrin had been in possession of the tract mortgaged by Andrew since he went to Iowa; that Andrew, when he went away, left his father, Richard Merrin, to manage the land; that he learned this from Richard Merrin.

There was no contradiction of this evidence or objection to it. We think it sufficient proof of possession.

. Defendant's counsel offered to show that Andrew J. Merrin abandoned his property, and that, under the authority vested in himself by Wm. T. Gay, of St. Louis, after Andrew J. Merrin went away, Richard Merrin took possession of it for Gay, and that he occupied it then as the tenant of Gay. This was objected to and the objection sustained by the court. The rejection of this testimony is assigned as error. There was no offer to disprove the testimony as to the land being left by Andrew J. in the possession and control of his father when he went to Iowa, and if such were the case that the land was so left, Richard Merrin could not attorn to Gay and give him a possession which would avail against the right under the mortgage,—such possession would be regarded nothing more than as that of Andrew J. Merrin, the mortgagor. We find no error in excluding the testimony.

After the execution of the mortgages and before the foreclosure sale, David Mathews, the mortgagee, died, and the power of sale was exercised by his administrator. Objection is made, that the power of sale conferred by the mortgages could not be exercised by the administrator. The power of sale was given to the mortgagee, his legal representatives or attorney. *Warnecke* v. *Lembca*, 71 Ill. 91, is relied upon in support of the objection, where, in the case of a trust deed,

land being conveyed to a trustee to secure the payment of indebtedness, with power, upon default of payment, to the trustee or his legal representatives, to sell and convey the land as the attorney of the grantor, it was decided that the administratrix of the deceased trustee could not rightfully make the sale. It was held that in that case "legal representative" meant, a new trustee to be appointed by the court to execute the power.

But no such meaning can be attached to those words in the present case, it being that of a mortgage where there is no such appointment to be made by court in the case of a deceased mortgagee. The words here admit of no other application than to the administrator or heirs, and it was said in the case cited, that legal representative or personal representative, in the commonly accepted sense, means, administrator or executor. In *Pardee* v. *Lindley*, 31 Ill. 174, and *Strother* v. *Law*, 54 id. 413, it was held, that where a mortgage gives to the mortgagee or his assigns power to sell in case of default in payment, an assignment of the note secured by the mortgage will vest the power of sale in the assignee. Upon the death of the mortgagee here, the notes then held by him passed to his administrator as his assignee in law, and the administrator stood in all respects as the legal representative of the mortgagee with respect to the notes; they were the principal thing and the mortgage but the incident, and the power of sale was properly exercised by the administrator as the legal representative of the mortgagee.

Proceedings for forcible detainer were instituted by appellee against appellant in the circuit court of Grundy county, on the 29th day of February, 1876, for the recovery of the same premises in controversy, and upon trial by the court without a jury, judgment was rendered in favor of the appellant on March 18, 1876, the court finding that the plaintiff had not made out his case, and the record of that adjudication was offered in evidence by appellant as a bar to the present suit, it having been commenced on May 5, 1876, and the court, on objection made, excluded this testimony, which is assigned as error.

The bare record only was offered in evidence, unaccompanied by any extrinsic evidence whatever, or intimation that any would be introduced. We think the record, of itself, does not show that the appellee's present cause of action was adjudicated in the former suit.

All that the record shows is, a suit of forcible detainer between the same parties for the same land, a plea of not guilty, trial by the court, a finding that the plaintiff had not made out his case, and judgment for the defendant. To show that the same cause of action was in litigation there as here, requires extrinsic evidence.

A demand in writing of possession is essential, and lies at the very foundation of the right of action in a suit for forcible detainer. The demand of possession, in this case, was made May 4, 1876, as proved. There was no offer or attempt to prove any other demand at any other time, and if there had not been, then the plaintiff's right of action did not accrue till May 4, 1876, and could not have been adjudicated in March, 1876. The plaintiff may have failed in the former suit for the very reason that he had not made demand of possession before he brought that suit, and therefore, his right of action had not accrued. In *Smalley* v. *Edey*, 19 Ill. 211, it was said by this court, in reference to a former judgment on the same instrument in writing being a bar to a subsequent suit thereon, " it was for the defendant to show that the cause of action upon which the former judgment was rendered was the same as that of the present suit. It does not follow that because the former suit was upon the same paper writing, the cause of action was the same. The right of action may not then have accrued, and indeed the evidence fails to show what the cause of action alleged was, except that the same paper was declared on." And see *Crabtree* v. *Welles*, 19 Ill. 55.

We find no error in the exclusion of the record.

Perceiving no error in the case, the judgment is affirmed.

*Judgment affirmed.*