HENRY T. STEELE

*v.*

THE GRAND TRUNK JUNCTION RAILWAY COMPANY.

*Filed at Ottawa June 16, 1888.*

1. APPEAL—*certificate of importance from Appellate Court—its requisites.* Where the sum in controversy does not exceed $1000, the certificate of the Appellate Court that the cause decided by it "involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court," is sufficient to give this court jurisdiction of the cause by appeal. It is not necessary the certificate shall point out the questions considered of sufficient importance to be passed upon by this court.

2. CROSS-ERRORS—*whether necessary.* If the appellee in this court wishes to have the judgment of the Appellate Court, in overruling his motion to strike from the record the paper purporting to be a bill of exceptions, reviewed by this court, he must assign a cross-error in respect to such ruling. If he does not, he will be considered as acquiescing in the decision of the Appellate Court.

3. ABATEMENT—*prior action pending—identity of cause of action.* An action of forcible detainer, when the complaint shows a notice to terminate the lease for non-payment of rent when due, and a subsequent action brought after the lease has expired, for a holding over, are not the same, and the pendency of the first will not operate to abate the latter.

4. PLEADING AND EVIDENCE—*plea in abatement in forcible detainer—merits to be established.* Where the issue on a plea in abatement, in an action of forcible detainer, is found by the court, on the trial of an appeal

25—125 ILL.

from a justice of the peace, in favor of the plaintiff, it is error to render judgment against the defendant on the merits, without evidence showing his right to recover.

5. Pleading *in forcible detainer—before justice of the peace.* There is no necessity for written pleadings other than the plaint, in actions of forcible detainer in a justice's court. Section 11 of the Forcible Entry and Detainer act has reference only to actions brought in a court of record. A plea in abatement, of the pendency of a prior suit need not be made in writing, but may be stated orally.

6. Same—*informality of trial before justice—whether demand must be proven, in case of defendant's default.* The statute relating to justices' courts contemplates that when the parties appear for trial the justice shall, in an informal way, hear their "respective allegations and proofs," and give such judgment as shall, from the evidence, appear right. When the defendant fails to appear, the plaintiff must fully prove his demand, except in cases where the plaintiff files his affidavit of claim.

7. Practice—*of the order or precedence in giving testimony.* Where the defendant in a suit originating before a justice of the peace, on appeal to the circuit court pleads a former action pending, in abatement, it is irregular for the defendant to introduce his proofs of the pendency of the former suit before the plaintiff has given evidence of his demand.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. H. F. Vallette, for the appellant:

The plea in abatement ought to have been sustained. The allegations of the plea cover the whole ground. It alleges a former suit pending and undetermined between the same parties, for the same cause of action, and is verified by the oath of defendant. The proof offered sustains the plea in every particular. Such pleas are favored in court. *McConnell* v. *Stettinius*, 2 Gilm. 712; *Buckles* v. *Harlan*, 54 Ill. 361.

The objection is not good, that when this suit was tried there was no such former suit pending. The inquiry is, whether the plea was good when pleaded,—on May 19, 1884. 1 Chitty's Pl. 454, 455; *Commonwealth* v. *Churchill*, 5 Mass. 174; *Bancroft* v. *Eastman*, 2 Gilm. 259; *McConnell* v. *Stettinius*, id. 712.

In the last case cited, this court has held that "it is too late, after the plea has been filed, for the plaintiff to dismiss his suit, and then reply to this fact." See, also, *Beach* v. *Norton*, 8 Conn. 70; *Marston* v. *Lawrence*, 1 Johns. Cas. 397; *Downer* v. *Garland*, 21 Vt. 362; *Boswell* v. *Tunnell*, 10 Ala. 958; *Hope* v. *Alley*, 11 Texas, 259; *Rogers* v. *Hoskins*, 15 Ga. 270.

The purpose and object of both suits were the same,—viz., the recovery of possession of the premises, and nothing else. If the lease had been already terminated, for whatever cause, as alleged in the complaint in the former suit, by notice to that effect given February 13, 1884, then there was no subsisting lease left to be afterward terminated, whether by notice or by expiration of the time it had to run.

When the issue is found against the defendant on a plea in abatement, the jury must assess the plaintiff's damages, which can not be except upon proof. *McCartee* v. *Chambers*, 6 Wend. 649; 1 Chitty's Pl. 498, 499.

Mr. F. H. CULVER, for the appellee:

This court has no jurisdiction, for the reason the Appellate Court has not pointed out the questions of law which they consider of sufficient importance to be reconsidered.

The bill of exceptions should have been stricken out, as not having been presented to the judge in the time fixed. *Evans* v. *Fisher*, 5 Gilm. 453; *Burst* v. *Wayne*, 13 Ill. 664; *Wabash* v. *People*, 106 id. 652; *Warner* v. *Kelley*, 2 Bradw. 559; *People* v. *Blades*, 10 id. 20.

The issue on the plea in abatement was rightfully decided. It was for the defendant to show the identity of the two causes of action. *Smalley* v. *Edey*, 19 Ill. 211; *Vanzant* v. *Allmon*, 23 id. 30; *Thielman* v. *Carr*, 75 id. 385; *Kessenger* v. *Whittaker*, 82 id. 22; *Merrin* v. *Lewis*, 90 id. 505; *Kelsey* v. *Ward*, 16 Abb. Pr. 98; 38 N. Y. 83.

Upon the issue of fact joined on a plea in abatement being found in favor of the plaintiff, the judgment is final that he

do recover. No rule of law is better settled. 2 Greenleaf on Evidence, sec. 27; Stephens' Pl. 104; Gould's Pl. 277, 278; Green's Pr. 284; Puterbaugh's Pr. 149; Chitty's Pl. 483; *Chase* v. *Deming,* 42 N. H. 274; *Meyer* v. *Erwin,* 20 Ohio, 382; *Young* v. *Gilles,* 113 Mass. 34; *Dubois* v. *Hutchinson,* 40 Mich. 262; *Railroad Co.* v. *Keep,* 22 Ill. 19.

Mr. Justice Scott delivered the opinion of the Court:

This was an action of forcible detainer, brought before a justice of the peace, by the Grand Trunk Junction Railway Company, against Henry T. Steele, to recover possession of premises definitely described in the written complaint. It is alleged in the complaint, the time for which the premises had been let to defendant had expired, and that plaintiff was then entitled to possession. On the trial before the justice of the peace, defendant was found guilty of withholding the premises from plaintiff, and the usual formal judgment was rendered. That judgment was affirmed in the Superior Court of Cook county, and the judgment of the Superior Court was affirmed in the Appellate Court for the First District, and defendant brings the case to this court on appeal.

After the papers in the appeal suit were sent up to the Superior Court, another paper, purporting to be a plea in abatement, was sent up by the justice of the peace, and was marked filed by the clerk of the Superior Court, by the order of that court. It appears to have been marked filed by the justice of the peace on the 19th day of May, 1884. That is the day on which the cause was called for trial in the justice's court. It does not appear, from anything contained in the transcript filed in the Superior Court, that the justice took any notice of the paper said to be a plea in abatement, or that his attention was called to it by either party to the suit. It is recited "one witness was sworn and examined, and docket introduced in evidence," and the cause was then continued to the day on which

the final decision was rendered. On the trial in the Superior Court, that court found "the issues for plaintiff on the plea in abatement," and without hearing any evidence whatever on the merits of the case, rendered judgment that plaintiff have restitution from defendant, of the premises described in the complaint. It is this decision of the Superior Court that was affirmed in the Appellate Court, as before stated.

Before passing to consider the real ground of objection to the present judgment, it will be necessary to dispose of some preliminary questions raised by plaintiff, who is the appellee · in this court.

*First*—It is said this court has no jurisdiction to hear defendant's appeal, because it is said the "sum or value in controversy" does not exceed $1000, and there is no sufficient certificate from the judges of the Appellate Court to give this court jurisdiction. The record does contain a certificate of importance, under section 8 of the Appellate Court act, made by a majority of the judges of the Appellate Court in which the cause was heard. It is said this certificate is insufficient, for the reason it does not state or certify the "grounds of granting said appeal,"—that is, it should have specifically pointed out in the certificate the questions of law which they considered of sufficient importance to be passed upon by this court. So much fullness in the making of the certificate of importance has not heretofore been required. It has always been held it is sufficient if it be stated, as is done in the certificate in this case, that the cause decided "involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court." There is no reason for departing from the practice that has been so long established in this respect.

*Second*—It is said there is no bill of exceptions in the record. There is, in the transcript of the record in the Superior Court, what purports to be a bill of exceptions, in which the trial judge states the facts in regard to signing it, and "leaving the

question it was signed in time, to the Appellate Court." On the hearing of the cause in the Appellate Court, plaintiff, who was defendant in error in that court, "moved the court to strike from the record the paper purporting to be a bill of exceptions." That motion the court took under advisement, and on a subsequent day of the same term the motion was denied by the court. As plaintiff has assigned no cross-errors on the record, as respects the decision of the Appellate Court adverse to his motion, it will be understood he acquiesced in that decision. Had he wished to have that question further considered in this court, it is indispensable he should assign it for error, according to the uniform practice in this court. Omitting to do so, the decision of the Appellate Court denying the motion to strike the bill of exceptions from the files, whether correct or not, must stand.

The errors assigned by defendant, who is the appellant in this court, will require but a brief discussion. It is said the judgment is erroneous for many reasons, but the substance of all of them is, the court erred in rendering judgment against defendant without any proofs offered by plaintiff in support of his action. The only evidence offered in the trial court was that introduced by defendant himself, to show a former suit between the same parties for the same cause of action, that was then pending and undetermined in a court of competent jurisdiction. The omission on the part of plaintiff to introduce any evidence whatever to sustain his action, is sought to be justified on the ground the trial was had on what is alleged to be a plea in abatement filed by defendant. It seems the court found the issues on that plea for plaintiff, and thereupon, without hearing any evidence on behalf of plaintiff, rendered judgment against defendant. This was clearly erroneous.

*First*—There was no replication to the alleged plea, and if it were appropriate in a justice's court, and was unanswered, it would operate to abate the suit. It is recited in the bill of exceptions, "plaintiff took issue on said plea." The record

contains no replication, and it is not stated in the bill of exceptions, any written replication was filed. If any issues were formed at all, it must have been simply by oral statement.

*Second*—There is no necessity for written pleadings, other than the plaint, in actions of forcible detainer in a justice's court. It is provided by statute, the complaint shall be in writing, but that is all. It might, as to subsequent pleadings, be otherwise had the suit been commenced in a court of record. Section 11 of the "Forcible Entry and Detainer" act declares that trials under that act in courts of record "shall be the same as in other cases at law." But that section has no reference whatever to trials in actions of forcible detainer in a justice's court. Trials in such cases, in the latter court, are governed by section 10 of the same act. The inappropriateness of filing the paper called a "plea in abatement," in this case, appears from the fact it prays the "writ and declaration" be quashed. It is unnecessary to say there is no such thing as a "declaration," in the sense that term is used in a plea in abatement, in any suit for any cause commenced in a justice's court. Stating in writing what is here claimed to be a plea in abatement, did not affect the case otherwise than would the oral offer of the party to prove the same matter upon the trial, without any writing previously filed. Had defendant stated orally before the trial commenced he intended to offer evidence that a former suit was pending for the same cause of action between the same parties, it would have answered the same purpose. The written paper filed performed no other office than to notify plaintiff that such evidence would be offered on the trial, and that could have been done as appropriately, according to the uniform practice, by oral statement. By filing written pleas in a justice's court, it is not in the power of defendant to compel plaintiff to reply, in writing or otherwise. Should that practice be allowed, the anomaly would be presented of having the pleadings in a justice's court partly in writing and partly oral.

The statute, section 35 of the act in relation to "justices and constables," (Rev. Stat. 1874,) contemplates when the parties appear for trial, the justice of the peace shall, in an informal way, hear their "respective allegations and proofs," and he shall then give judgment either for plaintiff or defendant, as shall appear from all the evidence to be just and right. Even where defendant fails to appear, section 34 of the same act forbids the justice to render judgment for plaintiff, unless he "shall fully prove his demand." The exception to this general provision is where the action is such, plaintiff may file an affidavit of claim. In all other cases the plaintiff must prove his demand as fully as if defendant was present and denied the same. That was not done in this case. Defendant was present, and demanded in open court that plaintiff should be required to sustain his action by proof, but the court refused to require him to do so, and rendered judgment for plaintiff without a particle of evidence to sustain the action. It can not be known, from anything contained in this record, which party ought to have succeeded on the merits of the case. Neither party offered any evidence touching the merits of plaintiff's right to recover the possession of the premises. The omission of plaintiff to sustain his action by proof is fatal to the present judgment. It was no doubt irregular for defendant, in the first instance, before plaintiff had introduced his proofs, to give testimony as to the pendency of the former suit. It does not seem, however, any objection was taken to the adoption of that course. Indeed, it was acquiesced in by plaintiff. Probably it was well enough in this case, for had the proof established the pendency of a former suit for the same cause of action betwen the same parties, that would have put an end to the present suit, and would have obviated the necessity for a trial of the merits of the cause. It was found by the trial court, and no doubt very correctly, the records offered in evidence by defendant did not show the pendency of a former suit for the same cause of action. In the former

suit it was alleged in the complaint, rent was due and unpaid, and that plaintiff had given notice of his election to terminate defendant's lease for non-payment of rent. The allegation in the complaint in this case is, the lease had expired, and that defendant still held over without right after the expiration of the time mentioned in the lease. It is plainly seen the causes of action were not the same. The case of *Merrin* v. *Lewis*, 90 Ill. 505, is conclusive on this point in the case.

After it had been determined the proof offered by defendant on that branch of his defense was not sufficient to show the pendency of a suit for the same cause of action, the court ought to have allowed defendant's demand that plaintiff should sustain his action by competent proof. To refuse that request, or, what is the same thing, to render judgment against defendant, without a particle of evidence to sustain the justness of plaintiff's demand, is manifest error, for which the judgment of the Appellate and Superior Courts will be reversed, and the cause remanded to the Superior Court.

*Judgment reversed.*