LAUCHLIN McLEAN, FOR USE, ETC.,

v.

JOHN HANSEN.

*Former Adjudication—Pleading—Misjoinder.*

1.   The fact that one person can not maintain a suit upon a certain instrument is no bar to a suit by the party in whom the right of action lies.

2. A determination in a suit named that a given instrument was not the deed of certain individuals, is no determination that it was not the several deed of each.

3. In the case presented, this court holds that the trial court erred in holding that the same was barred by a previous suit.

[Opinion filed June 30, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Franklin P. Simons and Jones & Lusk, for appellant.

The plea of *res adjudicata* was filed, as we think, upon a mistaken view of the decision of Potter v. Groenbeck, 117 Ill. 404. The court does say, in that opinion, that " the fact of the joint liability of the defendants, as well as their several liability, was distinctly put at issue by the pleadings;" but the same opinion, in closing, says: " Of course there could be no judgment in an action of assumpsit, as this is, unless it could go against all of the defendants." The latter remark is more consonant with sound logic and the settled principles of pleading. We hold it to be anomalous to say that a plaintiff can, in a joint suit against two or more persons at the same time, and by the same pleadings and proceeding, put in issue the several liability of each.

If the guaranty sued on is a joint and several obligation, it furnishes *two distinct remedies*—one upon the joint undertaking of *all*, and one upon the several undertaking of *each*. They are in effect two distinct contracts. People v. Harrison, 82 Ill. 84; Moore v. Rogers, 19 Ill. 347.

But these remedies can not be pursued in the same proceeding. The several liability is wholly *unavailable in the joint suit*. Gould v. Sternburg, 69 Ill. 531; Ritchie v. Gibbs, 7 Ill. App. 150.

In other words, a several judgment can not be rendered for or against one of the parties to a joint suit. The judgment must be for all or against all. Wight v. Meredith, 4 Scam. 360; Wight v. Hoffman, 4 Scam. 362; Faulkner v. Kellums, 54 Ill. 188; Potter v. Gronbeck, 117 Ill. 404; Dow v. Rattle,

12 Ill. 373; Davidson v. Bond, 12 Ill. 84; Briggs v. Adams, 31 Ill. 486.

It follows, therefore, that if a judgment could not have been rendered in the former suit for or against the appellee, alone or severally, his *several* liability on said instrument has never been in issue, and has never been tried. The great test as to whether a judgment *for a defendant*, will bar a subsequent suit, is given in the case of Smalley v. Edey, 19 Ill. p. 207, as follows: " If the facts alleged in that count, as the plaintiff's cause of action, being admitted or proved, would not entitle the *plaintiff* to judgment, the judgment thereon *for the defendant* would not bar or estop the plaintiff from suing again on the same."

And see: Miller v. Manice, 6 Hill (N. Y.), 114; Potter v. Gronbeck, 117 Ill. 404; Lawrence v. Vernon, 3 Sumner, 20.

Messrs. BLANKE & CHYTRAUS, for appellee.

GARY, P. J. The instrument on which this suit is brought is copied in Potter v. Gronbeck, 117 Ill. 404.

The appellee pleaded the judgment in that suit in bar of this. In addition to what appears in that report, the plea now shows that the three last named parties to the instrument then joined in the plea of *non est factum*, that "it is not their deed." The Superior Court held the bar good. As Potter could not maintain a suit in his own name upon the instrument at all, his want of success would be no bar to a suit by the party in whom the right of action, if any there be, is.

But further, the determination in that suit that the instrument was not their deed, is no determination that it is not the several deed of each. The face of the paper shows that it is not theirs collectively, but of each separately. " Nor will an action against the defendants which fails for a misjoinder, preclude a subsequent proceeding against one." 2 Smith's L C., 784; citing Miller v. Manice, 6 Hill, 114; Stingley v. Kirkpatrick, 8 Blackford, 186; Kirkpatrick v. Stingley, 2 Carter, 269.

The opinion of the Supreme Court, when Potter was plaintiff, discusses a matter of defense, which may or may not be

again in evidence, and which may or may not be available to the appellee; but the action of the whole series of courts before whom the question could come, in a case in which, as the Supreme Court say, "in no event can the present plaintiff recover," is without prejudice to the rights of the present appellant.   Merrin v. Lewis, 90 Iil. 505, and cases in the 15th Ill. there cited;  Gaar v. Hurd, 92 Ill. 315.

The application for final judgment here must be denied, as a defense under the general issue filed, may exist, that this record does not show.   The case went off on the plea of *res judicata*.   It was error to hold that this suit was barred by the Potter suit, and the judgment must be reversed and the case remanded.

*Reversed and remanded.*