## TODD *v.* GUFFIN, ADMINISTRATRIX.

[No. 8,350. Filed March 10, 1914.]

1. ASSIGNMENTS.—*Contracts Assignable.—Ratification.*—Even if a contract for hoisting or dipping gravel to be used in road construction was of such character as to be nonassignable, where defendant made a payment to the assignee for gravel hoisted or dipped under such contract, he thereby recognized assignee's right thereunder and was thereafter precluded from asserting that it was not assignable. p. 609.

2. PRINCIPAL AND AGENT.—*Death of Agent.—Agency Coupled With an Interest.*—An agency is not terminated by the agent's death where the power is coupled with an interest, so that where an agent held a power of attorney from the original contractor to complete a contract for hoisting or dipping gravel and to collect the money therefor, the power, being coupled with an interest, did not terminate on the agent's death, and his administratrix could recover any amount due under such contract. p. 609.

3. PAYMENT.—*Payment in Full.—Evidence.—Sufficiency.*—In an action by the administratrix of the estate of a deceased assignee, to recover on a contract to hoist or dip gravel, evidence on behalf of plaintiff showing the contract and assignment, that gravel worth at the contract price $1,056 had been delivered, that only $528 had been paid, and that there was due the sum of $528, was sufficient to warrant a finding that the payment made was not a payment in full, notwithstanding evidence that at the time of such payment the assignee surrendered to defendant the power of attorney executed by the original contractor authorizing the assignee to collect all amounts due under the contract, since such evidence was consistent with the theory that the surrender was made to protect defendant against any claim by the original contractor, rather than with the theory that it was equivalent to a surrender of the evidence of the debt. p. 610.

4. EXECUTORS AND ADMINISTRATORS.—*Inventory.—Operation and Effect.*—The fact that an administratrix did not include a certain claim in her inventory of the estate, could not conclude her from recovering thereon and at most could only affect the weight of her evidence in support of the claim. p. 610.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Matilda C. Guffin, administratrix with the will annexed of the estate of Henry H. Guffin, deceased, against Lemuel S. Todd. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ira W. Christian* and *Floyd G. Christian,* for appellant.
*Shirts & Fertig* and *Gifford & Gifford,* for appellee.

IBACH, J.—The complaint was in two paragraphs, the first declaring for a balance due upon a contract between appellee's decedent and appellant, for dipping gravel, the second declaring upon account for the work and labor performed by her decedent in dipping gravel for appellant. There was an answer of general denial and plea of payment, and reply in general denial. The cause was tried by the court. The errors assigned and presented to this court are that the court erred in overruling appellant's motion for new trial, upon the grounds that its decision was contrary to law and not sustained by sufficient evidence, and that the court erred in its conclusions of law upon the facts found.

The finding of facts is in substance as follows: (1) On September 10, 1908, defendant Lemuel S. Todd and Herman Barlow entered into and executed in duplicate a certain contract in writing, of which a copy is set out, and by which Barlow agreed to dip or hoist 4,000 cubic yards of gravel on the Ed Rawlings road, for which Todd was to pay him 27½ cents per yard, eighty per cent to be paid as the commissioners gave estimates on the road, and the remaining twenty per cent as soon as the gravel was dipped. (2) On October 21, 1908, Barlow sold and assigned his gravel dipping machinery and the uncompleted part of said contract and another contract to decedent Henry H. Guffin, by and in accordance with the terms of a certain deed of sale and contract of writing executed between the parties, of which a copy is set out, which states that Barlow sells and delivers all of his hoisting machinery and all his rights, titles, interests and benefits in the said contract between him and Todd above mentioned, and the other contract, and appoints Guffin his agent to act in his stead in the collection of all sums of money accruing under said contracts and authorizes and empowers said Guffin to do the things and perform the

service incumbent upon Barlow in the said contracts, in consideration of which sale and transfer of rights, Guffin pays to Barlow $1,000 and gives to him his promissory note for $250, and is to account to him at the rate set out in the contract assigned for the amount of gravel now hoisted, for the measuring of which provision is made. (3) At the time of making said last named bill of sale and contract, said Barlow executed a power of attorney to said Guffin empowering him to collect all sums of money due said Barlow under said contract with Todd, which is in the words and figures following:

### "Power of Attorney.

Know All Men By These Presents, That I, Herman Barlow of Johnson County, Indiana, constitute and appoint Henry H. Guffin of Marion County, Indiana, my true and lawful attorney and agent for the fulfillment of a certain contract heretofore entered into on September 10, 1908, with L. S. Todd and also with G. W. Bacon, for the hoisting of gravel, which contract is hereto attached and made a part hereof, and by such power herein granted, I authorize the said Henry H. Guffin to do all of said work therein contracted by me to be done and collect all money under said contract due to me and to receipt for the same in my name and stead, and I bind myself to such acts by him done the same as if I were present and did them myself. Witness my hand and seal this 21st day of October, 1908. Herman Barlow."

(4) There were dipped from said pit and received by defendant Todd and used in the construction of the Rawlings road in all 3,840 cubic yards of gravel, being all that was required for the completion of the road, which was completed and the final estimate paid to defendant Todd as contracted on September 6, 1909. (5) Of said amount, there were dipped before the execution of said contract and bill of sale to decedent Guffin, 1,049 yards. (6) On December 8, 1908, there was deposited by defendant Todd in the Farmers Bank of Sheridan the sum of $528 and a certificate of deposit issued therefor in favor of Barlow, and at the same

time the bank made a draft against the deposit in favor of Barlow for the full sum of $528, which draft was endorsed by Guffin under the power of attorney and paid by the bank December 18, 1908, and applied by Guffin as a payment by defendant on the gravel dipping contract. (7) Barlow has been defaulted in this action and is claiming no interest in the contract on the claim sued on. (8) After completing the dipping of the gravel, Guffin died testate and the plaintiff was appointed administratrix of his estate with the will annexed, by the Probate Court of Marion County, Indiana, and filed on July 16, 1909, with the clerk of the court an inventory of the personal estate of the decedent in which were set forth sundry articles of property, moneys and choses in action, but no claim against defendant was listed therein, and the same was verified by the affidavit of plaintiff that the same was a full, true and complete inventory of all the personal estate of the decedent which had come to her knowledge. (9) No demand was ever made by plaintiff of Lemuel S. Todd, for the amount claimed in the complaint, or for the money due under the contract between Barlow and Todd, nor was any demand of any description ever made of the defendant Todd by the plaintiff, on account of any of the transactions embraced in this suit. (10) The balance due on the account from defendant Todd is $528, all of which became due on September 6, 1909, and with interest thereon, now amounts to $576.40. "And the court concludes as a matter of law upon the foregoing facts that said contract of assignment, said bill of sale, and said power of attorney should be and are construed together as an assignment of the claim herein sued for and of the machinery mentioned thereon and a power coupled with an interest empowering the said Guffin to collect all sums due under the terms of said instruments, and that said Guffin became and was the owner of the claim herein sued upon and was such owner at the time of his death. And the court further concludes that the plaintiff is entitled to recover of the defendant,

Lemuel S. Todd, in the sum of $576.40 and the costs of this action."

It is urged that the court erred in holding that the bill of sale and power of attorney constituted an assignment of the contract making Guffin the owner of the claim

1.  sued on.   Authority is cited to the effect that "everyone has the right to select and determine with whom he will contract, and can not have another person thrust upon him without his consent; and he can not be compelled to accept the liability of any other person or corporation as substitute for the liability of those with whom he had contracted." It is true that certain contracts involving personal liability or a relation of trust and confidence, or calling for the special skill of one party cannot be assigned by that party, and the other party be bound by the assignment, unless he ratifies it.   2 Elliott, Contracts §1435; *Weatherhogg* v. *Board, etc.* (1902), 158 Ind. 14, 62 N. E. 477. We do not believe that the present contract is shown to be of such a character that it could not be assigned, but we need not decide that question, for Todd received the benefits of the contract, and in our opinion, the facts show that Todd, by making the payment to Guffin, recognized the power of attorney and recognized Guffin's right to receive the money due under the original contract.

But, appellant urges, he knew only of the power of attorney, not of the assignment, and paid money to Guffin and recognized his rights under the contract only as the

2.  agent of Barlow, and not as the assignee of the contract.   We believe that were this true, it would not allow Todd to escape liability in this suit for any unpaid balance due under the contract, since Guffin was by the power of attorney empowered to complete the work and collect the money due. "An agency is not terminated by the agent's death where the power is coupled with an interest. Such a power may be subsequently exercised, at least so

far as may be necessary to protect the interests of the estate of the agent.'' 31 Cyc. 1317.

It is also urged that the evidence showed that the payment made through the Sheridan bank was a final payment. In this we do not agree. Appellee, under the issues, 3. had the burden of showing the contract, its assignment, its performance on the part of her decedent, and a balance due from appellant. She introduced evidence to prove the contract and the assignment, and showed that 3,840 yards of gravel had been delivered under the terms of the contract, worth at the contract price, $1,056, and showed a payment of $528, which would leave a balance of $528. The burden, under the defense of payment, was then upon appellant to show a payment of this latter amount. He claims that when Guffin left in appellant's possession on December 8, 1908, at which time a payment was made, the power of attorney, this was equivalent to his surrendering the evidence of the debt and shows payment in full. We think rather that this may be taken as showing that appellant desired to keep the power of attorney in order to protect himself, should Barlow claim any right to money under the contract. Other circumstances tending to show that the payment of December 8, 1908 was not a payment in full, are, that no receipt in full was shown, that it appears that when the power of attorney was surrendered to appellant, there was a controversy between him and Guffin as to who should keep it, that the payment was made nearly eight months before final payment became due under the terms of the contract, and that no other payments on the contract were shown. We think it a reasonable inference from the evidence that no other payments were made, and since the trial court has so found, we will not disturb its finding.

Appellant also urges that the fact that the claim was not included by the executrix in the inventory of her 4. decedent's estate is a strong circumstance against her. However, if this fact had any probative force,

it at most would show only that she had no knowledge of the claim at the time the inventory was made, and could in no manner conclude her, but possibly might affect the weight of her evidence.

The court's decision was not contrary to law, and was sustained by sufficient evidence, and the conclusions of law were not erroneous on the facts found.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 519. As to power coupled with an interest, see 110 Am. St. 860. See, also, under (1) 4 Cyc. 62; (3) 30 Cyc. 1290; (4) 18 Cyc. 202.