COMMERCIAL NURSERY COMPANY, COMPLAINANT, APPELLEE, *v.* MRS. JOSIE IVEY, ADMINISTRATRIX, *et al.*, DEFENDANTS, APPELLANTS.*

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

---

*As to term and duration of liability of sureties on administration bond, see 11 R. C. L., 304 et seq.

On duration and termination of agency, see 21 R. C. L., 822.

R. W. SANFORD, for complainant, appellee.

WM. M. HALL and WM. G. HALL, for defendants, appel-
lants.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit against an administratrix and her surety to recover against them on account of matters hereinafter set out. There was a decree against both defendants by the chancellor, from which decree the surety alone appealed. The Court of Appeals affirmed the decree below and the surety filed a petition for *certiorari* to review the action of the Court of Appeals, which petition was granted, and the case argued here.

The complainant is a partnership engaged in the general nursery business. Ben W. Ivey, deceased, was employed as an agent by complainant to sell nursery stock. Under the contract between the complainant and Ivey, complainant would make Ivey a price on the stock. Ivey would sell to customers procured at an advanced price. When Ivey would make a sale to a customer, he would secure from him an order specifying the particular varieties of trees, shrubs or plants purchased by the customer, and appended to this order, and a part thereof, was a promissory note whereby the customer undertook upon delivery of the stock to pay to the Commercial Nursery Company, or order, the sum agreed upon between the customer and Ivey as the sale price of such stock.

All such orders and notes appear to have been forwarded by Ivey to the Commercial Nursery Company and later turned back to Ivey for collection, when the stock had been shipped. Under the agreement between the parties, it seems that it was Ivey's duty, from his collections generally, to remit to the nursery company the balance of its account against him. That is an amount equivalent to the price at which the nursery com-

pany had quoted all stock shipped on his orders. After this was done the notes remaining in Ivey's hands, or the proceeds of the remaining notes, belonged to him.

When Ivey died, he had quite a batch of these notes in his hands, the exact amount of which is not important. It is agreed that there was due to the complainant, out of the proceeds of these notes, $755.05. The defendant Josie Ivey qualified as administratrix of her husband with the United States Fidelity and Guaranty Company on her bond. She took over the notes referred to and appears to have collected from them something over $1300. She has not, however, made any settlement with complainant and complainant accordingly sued.

The surety defends on the theory that these notes were no part of the estate of Ivey; that Ivey's administratrix had no authority to take said notes into her possession and collect them; and that, as such surety, it cannot be held to account for assets unlawfully taken over by the administratrix.

The Court of Appeals overruled this contention of the surety on the authority of *Clark* v. *Pence,* 111 Tenn., 20. It was held in that case that an administrator may, by suit or without suit, collect notes payable to his intestate as administrator which are assets belonging to another decedent's estate, and that the last administrator having collected the same, his sureties are liable for his failure to account therefor, and they cannot escape such liability, because such notes could have been collected by an administrator *de bonis non* of the estate of the first decedent.

*Clark* v. *Pence* followed *Abingdon* v. *Tower,* 46 Tenn. (6 Cold.), 502, and *Wood* v. *Tomlin,* 92 Tenn., 516. Each of these cases deals with notes taken by an administra-

tor as such for debts due the estate he represents. It is held that, upon such notes, the administrator may sue in his representative capacity, or he may sue in his own name, treating the representative capacity alleged in the notes as a mere *descriptio personae*. Since the administrator could collect in his own name, upon his death his own administrator can lawfully take over such notes and collect them.

In the cases referred to, the notes mentioned were not ordinary assets of the intestate of the first administrator, but were notes payable to that administrator, which he might have collected and sued upon in his own name. The notes here under consideration, however, were ordinary assets of the estate of the complainant. They were payable to complainant. Ivey as the agent of complainant could not have collected and sued upon these notes in his own right. Ivey's administratrix, therefore, can have no such authority.

The sureties on the bond of an administrator are only liable for a due accounting by their principal for assets of the estate, and the principal cannot extend their liability by taking possession of property which is not properly assets of the estate. *Reeves* v. *Steele,* 39 Tenn. (2 Head), 647; *Fulton* v. *Davidson,* 50 Tenn. (3 Heisk.), 614; *Pardue* v. *Barnes,* 54 Tenn. (7 Heisk.), 356; *Jackson Insurance Co.* v. *Partee,* 56 Tenn. (9 Heisk.), 296; *Gambill* v. *Campbell,* 59 Tenn. (12 Heisk.), 737; *Sanders* v. *Forgasson,* 62 Tenn. (3 Baxt.), 249.

It is, of course, the general rule that the death of either principal or agent terminates the relation. An exception to this rule is that if the authority or power of the agent be coupled with an interest in the subject-matter of the agency, then the power is not revocable

either by death or by the act of the principal. 2 C. J., 551; 21 R. C. L., 822, 823; Meechem on Agency, sections 204, 205; Clark & Skyles on Agency, section 186 (b). The leading American case announcing this rule is *Hunt* v. *Rousmanier,* 8 Wheat., 174, 5 L. Ed., 587, followed by our own case of *Clay* v. *Finance & Thrift Co.,* 160 Tenn., 390.

A power so coupled with an interest will survive to the personal representative of an agent upon the death of the latter. *Todd* v. *Griffin* (Ind. App.), 104 N. E., 519; *Collins* v. *Hopkins,* 7 Iowa, 463; *Kimmel* v. *Powers* (Okla.), 91 Pac., 687; Lightners' Appeal, 82 Pa., 301; *Lewis* v. *Wells,* 50 Ala., 198; *Merrin* v. *Lewis,* 90 Ill., 505; *Hornickel.* v. *Orndorff,* 35 Md., 340.

It is urged that the agent here had such an interest in these notes as preserved his powers respecting them to his administratrix. But this contention is not maintainable in view of the allegations of complainant's bill. It is repeatedly therein averred that the decedent Ivey had no interest in the notes until payment in full was made to complainant for the trees. Since $755.05 was due to complainant on account of the stock sold at the time of decedent Ivey's death, according to further averments in the bill, it follows that by complainant's own allegations Ivey had no interest when he died in the subject-matter of the agency.

It is set out in the bill "That such order, order blank or note, so signed by the purchaser of the nursery stock, was made payable to the complainant and was the property of complainant until all indebtedness due from the agent to complainant was paid in full. . . . Said notes were never transferred by complainant to any agent until after all indebtedness due the complainant by the

agent was paid in full, after which time all notes in the hands of an agent became the property of such agent and was the compensation received by the agent as his profit. . . . That said notes in the possession of said B. W. Ivey, as aforesaid, at the time of his death, taken in the name of complainant, as aforesaid, were the exclusive property of complainant until their account against said Ivey should be paid in full.''

It is not always easy (Meechem on Agency, secs. 204, 205) to say when the agent has such an interest in the subject-matter of the power as will cause that power to survive to the agent's representative. We are relieved of any consideration of this difficult question here, however, by reason of the allegations heretofore quoted from complainant's bill. As the contract sued upon is averred by the complainant, decedent's only interest attached to the notes remaining after complainant was paid. He had no interest in the notes as a whole.

It results that the decree of the lower courts must be reversed insofar as they held the surety liable. The complainant will pay the costs of this court and the cause will be remanded to the Chancery Court of Tipton County for further proceedings against the administratrix. The costs of the chancery court will be taxed by the chancellor.