Raymond H. James and Florence James, Appellants,
v. Mrs. Lillian Langley et al., Appellees.

Gen. No. 42,999.

Opinion filed May 29, 1944.

THOMAS C. McCONNELL, of Chicago, for appellants.

TRUEBLOOD & JOHNSON, of Chicago, for appellees;
FRANKLIN D. TRUEBLOOD, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

June 25, 1943, plaintiffs filed a suit in the superior court of Cook county in forcible entry and detainer against Langley, et al. (nine defendants in all), to recover possession of premises in Chicago known as 720 North Rush street and particularly described as the North 29½ feet of Lot 1 in Assessor's Division, Block 47 in Kenzie's Addition to Chicago. Plaintiffs filed a complaint of twelve counts. A particular count of the complaint was devoted to each defendant, his or her particular room, named, and he or she charged with wrongfully withholding possession of it. Against each of the defendants plaintiffs also claimed money

due for ''rent'' otherwise described as for wrongful withholding of the particular room from May 1, 1943. The complaint charged each defendant was in possession under a tenancy at will, and that there had been served on each on April 1, 1943, a notice that his or her tenancy would be terminated on May 1, 1943. The action was apparently under section 6 of the Landlord and Tenant Act (Ill. Rev. Stat. 1943, ch. 80, § 6, p. 1971 [Jones Ill. Stats. Ann. 72.06]). Defendants appeared and with the one exception answered generally, denying the charges. The other defendant made a motion for a more particular statement. Defendants also later filed a counterclaim against plaintiffs, alleging failure on their part to render service as agreed.

October 9, 1943, plaintiffs filed in the municipal court of Chicago nine several complaints in forcible entry and detainer against the same defendants to recover possession of the same premises, 720 North Rush street. In each case the room in the building said to be occupied by the defendant was named, and it was alleged a demand for rent had been made in compliance with section 8 of chapter 80, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 72.08], and the tenancy terminated by nonpayment. In each case judgment for possession was demanded and a sum claimed for rent or damages for withholding possession of the premises from May 1, 1943. Each defendant appeared and made a motion to dismiss on the ground the action in the municipal court was barred by the former action pending in the superior court. The several causes of action were consolidated in the municipal court under General No. 43 M 1232. The court heard evidence on the motions. Pleadings of the superior court in the first case were received in evidence. On December 20, 1943, the motion of defendants to dismiss was sustained and an order to that effect entered, with judgment against plaintiffs for costs. Plaintiffs have appealed.

The court held that the action brought in the superior court involved precisely the same issues as those in the consolidated cases in the municipal court, and that under the rule that a defendant might not be twice vexed with the same action at the same time the municipal court action should be dismissed.

The rule that a defendant may not be twice vexed with the same cause of action is ancient. (See Am. Jur., Vol. 1, p. 27, § 14, "*nemo, debet bis vexare*"). This was the general rule in Illinois prior to the adoption of the Civil Practice Act (*Haas v. Righeimer,* 220 Ill. 193) and is specifically recognized in that Act (Smith-Hurd's Ann. Stats., ch. 110, § 48 (b), p. 391 [Jones Ill. Stats. Ann. 104.048]). See also § 39, p. 245 [Jones Ill. Stats. Ann. 104.039]. We are of the opinion the rule is applicable here and justified this order. The parties, plaintiffs and defendants, are identical. The subject matter of the two actions is also identical. The issues are the same as to rent or damages for the withholding of the premises and as to the right of possession. It is quite true far different issues might have been raised. They were not. We take the record as we find it. All the issues can be tried between all the parties in the suit in the superior court. (Smith-Hurd's Ann. Stats., ch. 110, § 39 [Jones Ill. Stats. Ann. 104.039]).

Plaintiffs cite *Merrin v. Lewis,* 90 Ill. 505. This case is not to the contrary. The opinion well points out that although at the beginning of a cause of action a plaintiff could not recover in forcible entry and detainer, facts might arise thereafter on which he would subsequently be entitled to recover. That is far from saying that the plaintiff would be entitled to try the two identical actions. Plaintiffs also cite *Meier v. Hilton,* 257 Ill. 174. That case is clearly distinguishable. It was there held a forcible entry and detainer suit would not be abated by reason of the pendency of a chancery suit which involved the issue of title to the premises rather that the right to possession. De-

fendants cite *Steele v. Grand Trunk Junction Ry. Co.*, 125 Ill. 385. It is explained by the distinguishing circumstances stated in the opinion of Mr. Justice Mc-ALLISTER, 20 Ill. App. 366. *Schumann Piano Co. v. Mark*, 208 Ill. 282, also cited, holds merely that a cause of action in *assumpsit* for unpaid rent cannot be successfully pleaded in abatement of a forcible entry and detainer suit.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.